1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Daniel Weldon Hackman,              )   No. Civ. 05-144-PCT-SMM (MS)
                                         )
10              Petitioner,              )   **Report and Recommendation**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Dora B. Schriro, et. al.,            )
13                                       )
                Respondents.             )
14                                       )
                                         )
15  _____

16  **TO THE HONORABLE STEPHEN M. MCNAMEE, CHIEF UNITED STATES**

17  **DISTRICT JUDGE:**

18      Petitioner's *pro se* Petition for Writ of Habeas Corpus, brought pursuant to 28

19  U.S.C. § 2254, was filed in this Court on January 13, 2005. [Doc. 1].  Respondents'

20  Answer was filed on May 25, 2005. [Doc. 9].  Petitioner's Reply was filed on June

21  16, 2005. [Doc. 14].  The Court now Reports and Recommends as follows:

22  **I. Petitioner's Request that Respondents' Answer be Dismissed**

23      In his Reply, Petitioner requests that Respondents' Answer be dismissed or

24  barred. [Doc. 14 at 14].  Petitioner contends that principles of ethics and fair play

25  require that the Answer be dismissed because Respondents: (1) knowingly omitted

26  exhibits from their Answer, and (2) failed to respond to Petitioner's state court

27  Petition for Review to the Arizona Supreme Court. [Id.]

28

1   The Court finds no basis for barring or dismissing Respondents' Answer.  On
2   March 8, 2005, this Court ordered Respondents to file an Answer pursuant to 28
3   U.S.C. § 2254(a). [Doc. 3].  Respondents' Answer complies with this Court's order.
4   Moreover, any failure to file a response in state court would not bar Respondents
5   from filing an answer to Petitioner's federal habeas Petition.  Accordingly, it is
6   recommended that the Court deny Petitioner's request to bar or dismiss the Answer.
7   For the purposes of this Report and Recommendation, the Court has considered the
8   Petition, the Answer, and the Reply.

9   **II. Background**

10  At approximately 5:30 a.m. on December 31, 1995, Petitioner entered the home
11  of his former girlfriend through an open window.  [See Doc. 10, Exh. D].  Petitioner
12  restrained her by wrapping his arms around her from behind,  choked her, and then
13  bound her hands behind her back using a telephone cord. [Id.].  He then penetrated
14  her orally, vaginally, and anally, using his penis, hands, and carrots. [Id.]  In a taped
15  interview with police and later at trial, Petitioner contended that the encounter was
16  consensual, and maintained that he and the victim had consensually engaged in
17  similar activity in the past.  [Id.].  Petitioner was convicted by a jury of kidnapping,
18  burglary, aggravated assault, and five counts of sexual assault.  [Id.].

19  Petitioner appealed, alleging the following claims: prosecutorial misconduct during
20  opening statements; prosecutorial misconduct arising from the prosecutor's
21  reference to an excluded exhibit; trial court error in admitting the victim's irrelevant
22  testimony that Petitioner had spoken of killing other people; trial court error in
23  admitting evidence under the excited utterance exception to the hearsay rule; trial
24  court error in determining aggravating and mitigating circumstances; trial court error
25  in imposing consecutive sentences; and  ineffective assistance of counsel. [Doc. 10,
26  Exhs. B, D].   The Arizona Court of Appeals affirmed.  [Doc. 10, Exh. D].  The Court
27  rejected Petitioner's claims of prosecutorial misconduct, finding that the claims were
28  waived and that the prosecutor's improper conduct did not affect the verdict in any

1  event.  [Id.]. The Court also rejected Petitioner's evidentiary arguments, denying

2  Petitioner's relevancy claim on the merits and holding that the trial court's hearsay

3  ruling was both proper and harmless.  [Id.].  The Court found no abuse of discretion

4  with respect to the trial court's sentencing rulings. [Id.].  The Court did not address

5  Petitioner's ineffective assistance of counsel claim, stating the issues were most

6  appropriately resolved through post-conviction relief proceedings. [Id.]

7    Petitioner filed a Petition for Post-conviction Relief, through counsel, on February

8  8, 1999.  [Doc. 10, Exh. A at 66].  Counsel alleged two claims of ineffective

9  assistance of counsel.  [Id.].  In a *pro se* Petition for Post-conviction Relief filed

10 subsequently, Petitioner contended that it was physically impossible for him to have

11 assaulted the victim in the manner she described.  [Doc. 10, Exh. A at 88-88r].  He

12 maintained that a person of his size could not restrain a person of the victim's size

13 by wrapping his arms around her from behind while reaching up to choke her.  [Id.].

14 He further asserted that he had a back injury that would have impeded his ability to

15 engage in the alleged assault.  [Id.].  Accordingly, Petitioner reasoned, the victim's

16 testimony must have been perjured.  [Id.].

17    In his *pro se* Petition, Petitioner asserted multiple instances of ineffective

18 assistance of counsel based on a failure to investigate and pursue arguments

19 relating to the veracity of the victim's statements.  [Id. at 88d-88l].  In addition,

20 Petitioner argued that counsel was ineffective for failing to seek a voluntariness

21 hearing relating to his initial statement to police, failing to challenge the fact that

22 Petitioner was not taken to the nearest magistrate upon arrest as required by the

23 Arizona Rules of Criminal Procedure, failing to investigate and pursue arguments

24 relating to the victim's mental health history and religious beliefs,  and failing to

25 argue that the victim was wearing a thin gold chain in a photograph introduced into

26 evidence. [Doc. 10, Exh. A at 88-88r].  Also considered by the Superior Court was

27 whether counsel was ineffective for: failing to interview a potential witness; failing to

28 request a limiting instruction regarding the victim's testimony that Petitioner spoke

of killing other people; failing to interview the victim's neighbors; failing to pursue the question whether Petitioner's intoxication vitiated the voluntariness of his statement to police; failing to present a character defense; failing to properly advise Petitioner whether he should testify in his own defense; failing to keep irrelevant and prejudicial material from the jury; and failing to properly advise Petitioner about a plea offer made by the State. [Doc. 10, Exh. A at 170a-170b].

In addition to his claims of ineffective assistance of counsel, Petitioner asserted in his Post-conviction Relief Petition that his right to due process and the 4th, 5th, and 8th Amendments of the United States Constitution were violated when the victim's perjured testimony was used to establish probable cause, was presented to the grand jury, was used as a basis for issuing an arrest warrant, and was factored into the calculation of Petitioner's bond. [Id. at 88m-88o]. Petitioner also argued that a review of the trial transcript revealed inconsistencies in the victim's testimony that warranted an evidentiary hearing under the Arizona Rules of Criminal Procedure. [Id. at 88p-88r].

The Superior Court held post-conviction hearings, and ultimately denied and dismissed Petitioner's Petition for Post-Conviction Relief. [Doc. 10, Exh. A at 170i]. The Court rejected each ineffective assistance of counsel claim, finding that none of counsel's actions were ineffective. [Id. at 170-170h]. The Court further found that, in light of the overwhelming evidence of guilt, there was no reasonable probability that the outcome of the proceedings would have been different. [Id.]. The Court rejected Petitioner's arguments relating to the indictment, arrest warrant and bond on grounds that the claims could have been presented on direct appeal, and were therefore precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure. [Id. at 170h].

Petitioner filed a Petition for Review with the Arizona Court of Appeals in which he re-alleged many of the ineffective assistance of counsel claims considered by the trial court in connection with his Petition for Post-Conviction Relief. [Doc. 15, Exh.

1].   The Arizona Court of Appeals summarily denied review.  [Doc. 10, Exh. F].
Petitioner then filed a Petition for Review with the Arizona Supreme Court, seeking
consideration of all the issues raised on direct appeal and in Petitioner's Petition for
Review from the denial of post-conviction relief.  [Doc. 15, Exh. 3, Item 1 at 1-2, 16,
Item 2].   Petitioner further reasserted constitutional violations arising from the
victim's perjured testimony, several ineffective assistance of counsel claims, and his
claims of prosecutorial misconduct.  [Id.].   The Arizona Supreme Court denied
review.  [Doc. 10, Exh. G].

   Petitioner's federal Petition for Writ of Habeas Corpus was filed in January of
2005.  [Doc. 1]. Petitioner raises twelve issues.[1]  Respondents oppose Petitioner's
Petition, arguing that grounds one, two, three, four, five, six, seven, eight, eleven and
twelve are procedurally defaulted and that claims nine and ten should be denied on
the merits.  [Doc. 9].  Alternatively, Respondents contend that grounds four, five, six,
seven and twelve are not cognizable on federal habeas review.  [Id.].

**III. Exhaustion and Procedural Default**

**A. Controlling Principles**

   No writ may be granted unless it appears that the applicant has exhausted the
remedies available in state courts. 28 U.S.C. §2254(b)(1)(A).  Under the exhaustion
doctrine, a petitioner must present his claims to the state courts on direct appeal or
through collateral proceedings before a federal court will consider a habeas corpus
petition.  Rose v. Lundy, 455 U.S. 509 (1982); Lindquist v. Gardner, 770 F.2d 876,
877 (9th Cir. 1985).  Specifically, exhaustion requires that a petitioner either fairly
present his or her claims to the Arizona Court of Appeals, Swoopes v. Sublett, 196
F.3d 1008, 1010 (9th Cir. 1999)(stating that "except in habeas petitions in capital
cases, claims of Arizona state prisoners are exhausted for purposes of federal
habeas once the Arizona Court of Appeals has ruled on them"), or show that no

---

[1] The substance of Petitioner's habeas claims is discussed below.

1  state remedies remain available.  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.

2  1983) (citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982).  To satisfy the fair

3  presentation requirement, a petitioner must fairly present the "substance of federal

4  claims to the state courts in order to give the State the opportunity to pass upon and

5  to correct alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513

6  U.S. 364, 365-66 (1995).  See also Baldwin v. Reese, 541 U.S. 27, 29 (2004);

7  Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 278

8  (1971); Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004).

9      A habeas court will not review a question of federal law if that question has been

10  decided by a state court and the court's decision "rests on a state law ground that

11  is independent of the federal question and adequate to support the judgment."

12  Coleman v. Thompson, 501 U.S. 722, 729 (1991); Park v. California, 202 F.3d 1146,

13  1151 (9th Cir. 2000).  The state law ground may be substantive or procedural.

14  Coleman, 501 U.S. at 729-30 (recognizing that the "independent and adequate state

15  ground" doctrine bars federal habeas corpus review where a state court "declined

16  to address a prisoner's federal claims because the prisoner had failed to meet a

17  state procedural requirement").  To be independent, "the state law basis for the

18  decision must not be interwoven with federal law."  LaCrosse v. Kernan, 244 F.3d

19  702, 704 (9th Cir. 2001).  See also Stewart v. Smith, 536 U.S. 856, 860

20  (2002)(stating that  "[I]f the state court's decision rested primarily on a ruling on the

21  merits . . ., its decision would not be independent of federal law.").  "To be deemed

22  adequate, the state law ground for decision must be well-established and

23  consistently applied." Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003); see also

24  Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999)("A state procedural rule

25  constitutes an adequate bar to federal court review if it was 'firmly established and

26  regularly followed' at the time it was applied by the state court")(quoting Ford v.

27  Georgia, 498 U.S. 411, 424 (1991)).

28

1    When a petitioner procedurally defaults his federal claims in state court,  federal

2  habeas review of the claims is barred unless the petitioner demonstrates cause for

3  the default and actual prejudice from the alleged violation of federal law, or that

4  failing to review the claims "will result in a fundamental miscarriage of justice."

5  Coleman, 501 U.S. at 750.  "'Cause' is a legitimate excuse for the default; 'prejudice'

6  is actual harm resulting from the alleged constitutional violation."   Magby v.

7  Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984).  If the petitioner fails to establish

8  cause for his procedural default, the court need not consider whether the petitioner

9  has shown actual prejudice resulting from the constitutional violations.  Smith v.

10  Murray, 477 U.S. 527, 533 (1986).  To show a fundamental miscarriage of justice,

11  a petitioner must make the extraordinary showing that the alleged constitutional

12  violation probably resulted in the conviction of an innocent person.[2]  Schlup v. Delo,

13  513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496, (1986); Clark v.

14  Ricketts, 886 F.2d 1152, 1156 (9th Cir. 1989).  The circumstances constituting a

15  fundamental miscarriage of justice apply in only a "narrow class of cases." Schlup,

16  513 U.S. at 321.  To establish actual innocence, the Petitioner must show that

17  considering all the evidence, "it is more likely than not that no reasonable juror would

18  have convicted him."  Id. at 327-28.

19  **B. Petitioner's Claims**

20    In this case, Respondents argue that grounds one, two, three, four, five, six,

21  seven, eight, eleven and twelve are procedurally defaulted.    Specifically,

22  Respondents assert that: grounds one, three, and eleven were never presented in

23  state court; ground two was not presented as a federal issue; grounds four, five, six,

24  seven, and twelve were either not raised or were not presented as federal issues;

25  and ground eight was held to be procedurally barred by the trial court.  For the

26

27  [2]   In most cases, victims of a "fundamental miscarriage of justice" will meet

28  the standard for cause and prejudice. Murray, 477 U.S. at 495-96.

1 reasons that follow, the Court finds that grounds nine, ten, and portions of ground

2 eleven were properly exhausted.  Petitioner's remaining claims are procedurally

3 defaulted.

4 **1. Exhausted Claims (Grounds 9, 10, and part of Ground 11)**

5 Respondents concede that Petitioner's ninth and tenth grounds for relief were

6 properly exhausted in state court. The record supports this concession.[3]

7 Accordingly, grounds nine and ten will be addressed on the merits.

8 Additionally, the Court finds that, with two exceptions, all the issues raised in

9 Petitioner's eleventh ground for relief were properly exhausted.[4]  In its entirety,

10 ground eleven alleges that counsel was ineffective for: failing to object to the

11 prosecutor's use of the words "you" and "yours" during her opening statement, failing

12 to request a limiting instruction after reserving the right to do so, failing to verify that

13 a videotape submitted to the jury was redacted, failing to call ask the questions

14 Petitioner requested and failing to call witnesses, and failing to point out that the

15 victim was wearing a thin gold chain in a picture submitted to the jury.  [Id. at 16].

16 With the exception of whether the prosecutor engaged in misconduct during opening

17 statements, each of Petitioner's claims was considered by the Superior Court on

18 post-conviction review and was presented to the Court of Appeals in Petitioner's

19 Petition for Review.  [Doc. 10, Exh. A at 170c-170h; Doc. 15, Exh. 1 at 2].

20 The Superior Court explicitly determined that: "Mr. Nielson had a sound basis for

21 not requesting a limiting instruction... [F]urther, any alleged error could have been

22

23 [3]   See discussion, *infra*, at § IV, B.

24 [4]   Respondents assert that Petitioner failed to present to the state court

25 all of the issues raised in Petitioner's eleventh ground for federal
habeas relief. It appears, however, that Respondents' argument was

26 made without the benefit of Petitioner's Petitions for Review to the

27 Arizona Court of Appeals and Arizona Supreme Court.  Neither Petition
was included with Respondents' exhibits. This Court has reviewed the

28 Petitions for Review submitted by Petitioner.

1    resolved in the direct appeal".[5]   The Court also determined that "the Defendant's

2    taped statement, which was played to the jurors, did not contain any improper

3    statement by either the Defendant or Detective Brewer, and again, any alleged

4    improper statement could have been the subject of an appeal",[6] and that "Mr.

5    Nielson was not ineffective with regard to the material contained in the tape of

6    Defendant's interview with Detective Brewer, which was played to the jurors or sent

7    to the jury room during deliberations".[7]   Regarding Petitioner's contention that

8    counsel should have discussed the fact that the victim wore a thin gold chain in one

9    of the pictures submitted to the jury, the Superior Court determined that "Mr. Nielson

10   was not ineffective in his handling of the "necklace evidence."[8]  With respect to

11   Petitioner's broad contention that counsel failed to ask questions and call witnesses,

12   the Court finds only three issues not raised elsewhere in Petitioner's habeas Petition

13   that were considered by the Superior Court[9] and that can arguably be construed as

14   presenting the same claim as ground eleven: whether counsel was ineffective in the

15   handling of potential witness Calvin Greab, whether counsel was ineffective for

16   failing to interview the victim's neighbors, and whether counsel was ineffective for

17   failing to present a character defense.  In an abundance of caution, the Court will

18   liberally construe Petitioner's eleventh ground for relief as containing these three

19

20
21    [5]   See Doc. 10, Exh. A, 170d at ¶ 6.   See also Doc. 10, Exh. A at 170a,
      ¶ 6 (stating that Petitioner challenged counsel's failure to request a
22      limiting instruction).

23    [6]   See Doc. 10, Exh. A, 170e, at ¶ 11.  See also Doc. 10, Exh. A at 170b,
      ¶ 11 (stating that Petitioner challenged counsel's failure to keep
24      prejudicial information from the jury)

25    [7]   See Doc. 10, Exh. A, 170g, at ¶10.

26    [8]   See Doc. 10, Exh. A, 170g, at ¶12.

27    [9]   See Doc. 10, Exh. A, 170a, at ¶¶5 , 7, 170b at ¶9, 170d at ¶¶ 5, 7, 8,
28      170f at ¶¶ 4, 6, and 170g at ¶ 7.

1   claims.  To the extent Petitioner is attempting to assert additional errors, the claims

2   fail because they were not fairly presented.

3       Because Petitioner's claims that counsel was ineffective for failing to request a

4   limiting instruction, failing to verify that a redacted videotape was submitted to the

5   jury, and failing to call witnesses were raised in both the Navajo County Superior

6   Court and the Arizona Court of Appeals, they are exhausted.  Accordingly, these

7   claims will be considered on the merits.  By contrast, Petitioner's claims that counsel

8   was ineffective for failing to object to the prosecutor's opening statements and for

9   failing to point out that the victim was wearing a necklace were not properly fairly

10  presented to the Arizona Court of Appeals.  As discussed further below, these two

11  claims are procedurally defaulted.[10]

12  **2. Claims Defaulted for Failure to Raise or Fairly Present  (Grounds 1, 2, 3,**

13  **4, 5, 6, 7, 12, and part of Claim 11)**

14      The Court finds that Petitioner's first, second, fourth, fifth, sixth, seventh and

15  twelfth claim as well as the portions of his eleventh claim relating to counsel's failure

16  to object to the prosecutor's opening statement and failure to introduce evidence that

17  the victim was wearing a necklace were never properly presented as independent

18

19  [10]    In his Petition for Review to the Arizona Supreme Court, Petitioner
20      asked the Court to consider all the issues previously raised.  However,
        in Arizona, claims are normally exhausted by fair presentation to the
21      Arizona Court of Appeals. Swoopes, 196 F.3d at 1010.  Presenting a
        claim to the state's highest court in a procedural context in which the
22      merits would not ordinarily be considered does not constitute fair
        presentation. Castille v. Peoples, 489 U.S. 346, 351 (1980).  See also,
23      e.g., Baldwin, 541 U.S. at 31 (state appellate judges need not alter their
24      ordinary review practices to discover a claim);  Roettgen v. Copeland,
        33 F.3d 36, 38 (9th Cir. 1994)(claims presented through improper
25      procedures are deemed unexhausted); Kellotat, 719 F.2d at 1030
26      (invocation of abnormal procedure did not amount to fair presentation);
        Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965)("a petitioner
27      cannot exhaust his state court remedies by petitions or motions
28      addressed to the wrong court").

1  federal issues in state court.  The Court additionally finds that each of these claims
2  is procedurally defaulted.

3      As noted above, to properly exhaust a claim, the substance of a Petitioner's
4  federal claims must be presented to the state courts to allow them the opportunity
5  to correct any alleged violations.  Duncan, 513 U.S. at 365-66; Baldwin, 541 U.S. at
6  29; Anderson, 459 U.S. at 6; Picard, 404 U.S. at 278; Casey, 386 F.3d at 911.  "It
7  is not enough that all the facts necessary to support the federal claim were before
8  the state courts, or that a somewhat similar state-law claim was made." See
9  Anderson, 459 U.S. at 6; see also Castillo v. McFadden, 370 F.3d 882, 886-87 (9th
10  Cir. 2004).  Here, the Court finds that the allegations alleged in Petitioner's first,
11  second, fourth, fifth, sixth and seventh claims as well as portions of his eleventh and
12  twelfth claims were not presented in state court under the same legal theory now
13  alleged in Petitioner's habeas petition.

14      In ground one, Petitioner alleges that his Sixth Amendment right to an impartial
15  jury was violated when an unredacted videotape referencing Petitioner's prior
16  criminal record was submitted to the jury.  [Id. at 5].  In ground two, he alleges that
17  his Sixth Amendment right to an impartial jury was violated when the prosecutor
18  engaged in misconduct during opening statements.  [Id. at 6].  Although Petitioner
19  challenged the introduction of the unredacted videotape and discussed the
20  impropriety of the prosecutor's opening statement in state court, he did not allege
21  that his federal right to an impartial jury was violated.  Because he did not raise the
22  same issues in state court and federal court, Petitioner's first and second claims
23  were not fairly presented.    Anderson, 459 U.S. at 6; Castillo, 370 F.3d at 886-87.

24      In ground eleven, Petitioner argues that his counsel was ineffective for failing to
25  challenge the prosecutor's misconduct during opening statements.  [Id. at 16].  On
26  direct appeal and in his Petition for Review to the Arizona Supreme Court, Petitioner
27  asserted that the prosecutor engaged in misconduct.  [Doc. 10, Exh. B at 7-10; Doc.
28  15, Exh. 3, Item 1 at 15-16].  He did not, however, assert that counsel was

1  ineffective for failing to challenge the misconduct.    Again, Petitioner's failure to

2  allege the same legal theory in both state and federal court precludes a finding of fair

3  presentation.  Anderson, 459 U.S. at 6; Castillo, 370 F.3d at 886-87.    Moreover,

4  Petitioner's claim that counsel was ineffective for failing to point out that a picture

5  submitted to the jury depicted the victim wearing a necklace is unexhausted because

6  it was never fairly presented to the Arizona Court of Appeals.  Swoopes, 196 F.3d

7  at 1010; see also footnote ten, *supra*.

8      In grounds four, five, six, and seven, Petitioner alleges Fourth, Fifth, Sixth, and

9  Fourteenth Amendment violations arising from the conduct of police officers.

10  Ground four alleges that officers violated Petitioner's rights by arresting him without

11  a warrant, failing to inform him of the charges against him, and failing to read him his

12  Miranda[11] rights.  [Id. at 8].  In grounds five and six, Petitioner alleges that officers

13  took custody of him without informing him of the cause and nature of his arrest, and

14  then purposefully delayed his initial appearance before a magistrate in order to allow

15  questioning by the Showlow Police Department.  [Id. at 9-10]. In ground seven,

16  Petitioner alleges that  police officers led him to believe he would be released after

17  giving a statement, but in fact, they videotaped Petitioner without his knowledge and

18  continued to detain him.  [Id. at 11].   Although Petitioner asserted similar facts in

19  state court in connection with some of his ineffective assistance of counsel claims,

20  he did not directly attack the officers' actions under the Fourth, Fifth, Sixth, or

21  Fourteenth Amendments.   Therefore, these claims were also not fairly presented.

22  Anderson, 459 U.S. at 6; Castillo, 370 F.3d at 886-87.

23      In ground twelve of his federal habeas petition, Petitioner similarly asserts that his

24  federal rights were violated when evidence gathered in connection with an illegal

25  arrest was improperly introduced at trial.  [Doc. 1 at 17].  He maintains that he was

26  arrested, held, and videotaped without being informed of the nature and cause of his

27

28  [11]    Miranda v. Arizona, 384 U.S. 436 (1966).

1   arrest. [Id.].  He argues that evidence obtained during this process was improperly

2   used against him.   [Id.].   The only similar argument made in state court was

3   Petitioner's contention in his Petition for Review to the Arizona Court of Appeals that

4   counsel was ineffective for failing to object to evidence that amounted to "fruit of the

5   poisonous tree."  [Doc. 15, Exh. 3, Item 1 at 9].   The ineffective assistance of

6   counsel claim Petitioner raised in state court is substantively different from

7   Petitioner's federal claim challenging the admissibility of evidence.   As stated

8   previously, similarity of underlying facts is not sufficient to meet the requirements of

9   fair presentation. See Anderson, 459 U.S. at 6; Castillo v. McFadden, 370 F.3d 882,

10  886-87.[12]

11       Finally, the Court finds that Petitioner's third claim was not fairly presented to the

12  Arizona state courts.  In ground three of his habeas petition, Petitioner alleges that

13  his Fifth and Fourteenth Amendment rights to due process were violated when the

14  prosecutor engaged in misconduct by filing false affidavits with the state trial court.

15  [Id. at 7].  In state court, Petitioner asserted prosecutorial misconduct arising from

16  the filing of false affidavits for the first time in his Petition for Review to the Arizona

17  Supreme Court.   [Doc. 15, Exh. 3 at 15-16].   Thus, the claim was not fairly

18  presented to the Arizona Court of Appeals. Swoopes, 196 F.3d at 1010; see also

19  footnote ten, *supra*.  Moreover, even could the claim be properly raised for the first

20  time in the Arizona Supreme Court, the claim is unexhausted because Petitioner

21  failed to fairly present it as a federal issue.   He cited neither the Fifth nor the

22  Fourteenth Amendment in support of his claim, and did not support his argument

23  with federal authority.   Instead, Petitioner's argument was drawn primarily from a

24  state case, Pool v. Superior Ct., 677 P.2d 261 (Ariz. 1984)(en banc).  [Id. at 16].

25  Nothing in Pool would alert the state court to the fact that Plaintiff was attempting to

26

27  [12]    Having concluded that Petitioner's fourth, fifth, sixth, seventh, and
        twelfth claims were not properly exhausted, this Court need not reach
28      Respondents' alternative Fourth Amendment argument.

1   assert a federal claim, and Petitioner's brief likewise contained no clear indication
2   that Petitioner was attempting to raise a federal claim.  See, e.g.,Casey, 386 F.3d
3   at 912 n. 13.[13]  Under these circumstances, the Court finds that the state court was
4   not fairly alerted to the federal nature of Petitioner's claim.[14]  Casey, 396 F.3d at 912
5   n. 13; see also Baldwin,  541 U.S. at 29; Duncan, 513 U.S. at 365-66 (1995); Lyons,
6   232 F.3d at 670, amended at 247 F.3d 904 (9th Cir. 2001); Gray, 518 U.S. at 163.
7   For the foregoing reasons, Petitioner's first, second, third, fourth, fifth, sixth,
8   seventh, and twelfth claims, as well as the portions of his eleventh claim relating to
9   prosecutorial misconduct and the introduction of necklace evidence, were not fairly
10  presented to the state courts.  Were Petitioner to attempt to return to state court,
11  however, he would be unable to re-assert his unexhausted federal claims.  Rule 32
12  proceedings must be initiated within ninety days of the entry of judgment and
13  sentence or within thirty days of the order and mandate affirming the judgment and
14  sentence on direct appeal.[15]  See Ariz.R.Crim.P. 32.4(a).[16]  Because Petitioner

16  [13]   Petitioner did include a secondary citation to a Second Circuit decision,
17      Su v. Filion,  335 F.3d 119 (2d Cir. 2003).  However, Su was cited only
18      for the proposition that a prosecutor is an officer of the court who has
        a duty of honesty.   As noted, Petitioner did not specifically allege a
19      violation of due process under the Fifth or Fourteenth Amendment of
        the United States Constitution.

21  [14]   See also footnote ten, *supra*.

22  [15]   An exception to this rule may exist under Rule 32.2(b) for a defendant
        who raises claims under Rules 32.1(d), (e), (f), (g), or (h).  None of the
23      claims at issue here were raised under those subsections of Rule 32.1.

25  [16]   Petitioner's claims would also likely be precluded pursuant to Rule
        32.2(a)(3), as were the other claims he failed to raise in his initial post-
26      conviction relief petition.  See Ariz.R.Crim.P. 32.2(a)(3) (stating that "[A]
        defendant shall be precluded from relief under this rule based upon any

28                                      - 14 -

1   would be precluded under Arizona law from returning to state court to properly

2   exhaust his claims, the claims are deemed "technically exhausted" but procedurally

3   defaulted.  See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); see also Cassett,

4   406 F.3d at 621, n. 5 (discussing the concepts of technical exhaustion and

5   procedural default).  Federal habeas review of the merits of Petitioner's procedurally

6   defaulted claims by this Court is therefore barred unless Petitioner can show cause

7   for the procedural default and actual prejudice, or that failure to consider his claims

8   will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750; Griffin

9   v. Johnson, 350 F.3d 956, 960 (9th Cir. 2003).

10   **3. State Court Application of a Procedural Bar (Ground 8)**

11       In ground eight, Petitioner claims that the victim's perjured statement to police was

12   unconstitutionally used against him during grand jury proceedings and at trial.  [Id.

13   at 12].  Respondents assert that Petitioner's claim is procedurally defaulted because

14   the state court denied the claim pursuant to Rule 32.2(a)(3) of the Arizona Rules of

15   Criminal Procedure.  This Court agrees.

16       An unexhausted claim may be deemed technically exhausted but procedurally

17   defaulted 'if the petitioner failed to exhaust state remedies and the court to which the

18   petitioner would be required to present his claims in order to meet the exhaustion

19   requirement would now find the claims procedurally barred.'  Beaty 303 F.3d at 987

20   (quoting Coleman, 501 U.S. at 735 n. 1).  A second type of procedural default occurs

21   when a claim is presented to the state court, but the court determines that the claim

22

23

24            ground.... (3) that has been waived at trial, on appeal, or in any
              previous collateral proceeding").  However, in Cassett v. Stewart, 406
25            F.3d 614 (9th Cir. 2005), the Ninth Circuit recently held that preclusion
              may not always be clear under Rule 32.2(a)(3) in cases of technical
26            exhaustion and procedural default.  In light of Cassett, this Court places
              only secondary reliance on rule 32.2(a)(3).
27

28                                           - 15 -

1 is procedurally barred pursuant to an independent and adequate state rule.  Id.  As

2 in cases of technical exhaustion and procedural default, federal courts are precluded

3 from reviewing the merits of claims defaulted pursuant to an independent and

4 adequate state procedural bar unless the petitioner can show cause and prejudice

5 or a fundamental miscarriage of justice.  Id.

6     Here, Petitioner's eighth ground for relief was presented in his Petition for Post-

7 Conviction Relief.  [Doc. 10, Exh A at 88m-o].  The Superior Court decision, which

8 was upheld, expressly held that Petitioner's claim was barred from consideration

9 pursuant Arizona Rule of Criminal Procedure Rule 32.2(a)(3).  [Doc. 10, Exh. A. at

10 170h].  This rule precludes post-conviction relief for any claim that could have been

11 raised in a previous collateral proceeding or on direct review, except under limited

12 circumstances that do not apply here.   Ariz. R. Crim. P. 32.2(a)(3).

13     The preclusive effect of Arizona Rule of Criminal Procedure Rule 32.2(a)(3) is

14 both independent and adequate.[17]  Stewart v. Smith, 536 U.S. at 860 (finding Rule

15 32.2(a)(3) determinations independent of federal law); Ortiz v. Stewart, 149 F.3d

16 923, 932 (9th Cir. 1998)(finding Rule 32.2(a)(3) regularly followed and adequate);

17 Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting argument that Arizona's

18 reliance on Rule 32.2(c) as a basis for procedural default was "so unpredictable and

19

20

21

22

23

24

---

25 [17]   Cassett, 406 F.3d 614, does not require a different result.  Cassett did
       not involve an actual finding of preclusion by the state court.  Here, the
26     Court clearly found preclusion with respect to the issues presented in
       Petitioner's eight ground for relief.
27

1  irregular that it does not provide an adequate ground" for disposal of claims).

2  Petitioner's eighth ground for relief is therefore procedurally defaulted.[18]

3  **C. Cause and Prejudice**

4     For the reasons set forth above, grounds one, two, three, four, five, six, seven,

5  eight, twelve, and the portions of ground eleven relating to prosecutorial misconduct

6  and the introduction of necklace evidence are procedurally defaulted. Accordingly,

7  the Court may not consider these claims absent a showing of cause and prejudice

8  or a fundamental miscarriage of justice.

9     Petitioner has not put forth any arguments sufficient to support a finding of cause

10  or prejudice that would excuse his default with respect to the precluded claims.

11  Although constitutionally ineffective assistance of counsel can constitute cause for

12  a procedural default, "the mere fact that counsel failed to recognize the factual or

13  legal basis for a claim, or failed to raise the claim despite recognizing it, does not

14  constitute cause for a procedural default." Murray, 477 U.S. at 486. A prisoner must

15  ordinarily establish that counsel's assistance was so ineffective that it fell below

16  constitutional standards or show that an objective factor external to the defense

17  impeded counsel's ability to comply with the state procedural rule. Id. The record

18  does not support such a conclusion here. The Court also finds no impediment to

19  raising the issues Petitioner now alleges should have been raised. Moreover,

20  Petitioner's *pro se* status does not amount to cause sufficient to set aside a

21  procedural default. Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908-09 (9th

22

23

24     [18]    Petitioner alleges that he could not have raised this issue on direct
         appeal because he did not obtain the requisite information until
25         November 16, 1999, after his direct appeal was filed. [Id.]. The
         statement at issue, however, was allegedly made to police on
26         December 31, 1995. Petitioner thus had several years to obtain a copy
         of the statement prior to his direct appeal.

27

28                                        - 17 -

1  Cir. 1986).  Additionally, the Court finds that any failure to consider Petitioner's

2  claims will not amount to a fundamental miscarriage of justice.  Petitioner has not

3  made the extraordinary showing that his case falls within the "narrow class of cases"

4  in which an innocent person was probably convicted because of an alleged

5  constitutional violation.   Schlup, 513 U.S. at 321; Murray, 477 U.S. at 496.

6      Federal habeas review of Petitioner's procedurally defaulted claims is barred.  The

7  Court therefore recommends that grounds one, two, three, four, five, six, seven,

8  eight, twelve, and the portions of ground eleven discussed above be dismissed with

9  prejudice.

10  **IV.  Remaining Claims (Grounds 9, 10, 11)**

11      **A. Standard of Review**

12      Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this

13  Court shall not grant a petition for writ of habeas corpus with respect to any claim

14  adjudicated on the merits in state court unless (1) the decision by the state court was

15  "contrary to, or involved an unreasonable application of, clearly established Federal

16  law, as determined by the Supreme Court of the United States"; or (2) the decision

17  by the state court was based on an unreasonable determination of the facts in light

18  of the evidence presented.  28 U.S.C. § 2254(d).  See also Rice v. Collins, No. 04-

19  52, __ S.Ct.__, 2006 WL 119293, *4 (U.S. Jan. 18, 2006).  A state court decision is

20  "contrary to clearly established precedent" if the state court applies a rule that

21  contradicts the governing law set forth by the Supreme Court or arrives at a different

22  result than the Supreme Court in a case involving facts that are materially

23  indistinguishable from a Supreme Court case.  See  Lockyer v. Andrade, 538 U.S.

24  63, 73 (2003). "Under the 'unreasonable application' clause, a federal habeas court

25  may grant the writ if the state court identifies the correct governing legal principle

26  from this Court's decisions but unreasonably applies that principle to the facts of the

27

28                                    - 18 -

1    prisoner's case."  Id. at 75 (quoting Williams v. Taylor, 529 U.S. 362, 406, 413

2    (2000)).  State court rulings and factual findings are presumed to be correct where

3    they are supported by the record.  See 28 U.S.C. § 2254(e)(1).  Petitioners "have the

4    burden of rebutting the presumption of correctness by clear and convincing

5    evidence."  Id.

6       Where the state court summarily denies relief without providing rationale, this

7    court "review[s] the record to determine whether the state court's decision

8    contravened, or unreasonably applied, clearly established law."  Wilson v. Czerniak,

9    355 F.3d 1151, 1153-54 (9th Cir. 2004)(citing Delgado v. Lewis, 223 F.3d 976,

10   981-82 (9th Cir. 2000)).  See also Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002),

11   amended at 311 F.3d 928 (9th Cir. 2002).  In such cases, this Court does not

12   independently decide the contested legal question, but instead determines whether

13   §2254(d) mandates reversal of the state court decision.  Greene v. Lambert, 288

14   F.3d 1081, 1089 (9th Cir. 2002); Delgado, 223 F.3d at 982.

15   **B. Discussion**

16      Petitioner's remaining claims assert various instances of ineffective assistance of

17   counsel.  A federal Petitioner must satisfy a two-pronged test to prevail on an

18   ineffective assistance of counsel challenge.  He must show both that counsel's

19   performance was constitutionally deficient, and that the deficiency was prejudicial.

20   Strickland v. Washington, 466 U.S. 668, 687-688 (1984).  To establish that counsel's

21   performance was deficient, a petitioner is required to show that, "counsel's

22   representation fell below an objective standard of reasonableness."  Strickland, 466

23   U.S. at 687-688.  To establish prejudice, a "defendant must show that there is a

24   reasonable probability that, but for counsel's unprofessional errors, the result of the

25   proceeding would have been different.  A reasonable probability is a probability

26   sufficient to undermine confidence in the outcome."  Id. at 694.  Under the prejudice

27

28                                         - 19 -

prong, the question is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

### 1. Ground 9

In ground nine, Petitioner asserts that counsel was ineffective for failing to challenge the validity of Petitioner's arrest on grounds that Petitioner was improperly videotaped by police and was not informed of the cause or nature of his arrest.  [Id. at 13].  In his Petition for Post-Conviction Relief, Petitioner maintained that counsel should have argued that Detective Brewer induced Petitioner's statement by promising that release would be recommended if Petitioner provided a statement. [Doc. 10, Exh. A].   In his Petition for Review, Petitioner elaborated on the claim, emphasizing that he was not informed of the nature of his arrest before being videotaped. [Doc. 15, Exh. 1 at 21].  The Superior Court found that Detective Brewer made no improper promises to induce Petitioner's statement, and held that counsel was not ineffective for failing to make a suppression argument. [Doc. 10, Exh. A, at 170c, 170f].   The Arizona Court of Appeals and Arizona Supreme Court denied review. [Doc. 10, Exhs. F, G].

Petitioner has not rebutted the presumption that the state court's factual findings were correct.  Petitioner's claim hinges on his contention that Detective Brewer made inducements in order to secure a statement.  However, Petitioner has not offered any evidence, other than his own statements, to support his contention. Indeed, Petitioner's own Petition for Review to the Arizona Court of Appeals acknowledged that Detective Brewer denied making any promises to Petitioner. [Doc. 15, Exh. 1 at 19].

Moreover, the Superior Court applied the correct legal standards to Petitioner's claim.  Consistent with Strickland and Sixth Amendment jurisprudence, the Court considered whether counsel's performance fell below the required level of

1    competence and whether the outcome of the proceedings would have been different.

2    [Doc. 10,Exh. A at 170].   The Court's rejection of Petitioner's ineffective assistance

3    of counsel claim was appropriate in light of the determination that Petitioner's

4    statement was not improperly induced.   Even assuming that Petitioner told counsel

5    that Detective Brewer induced his statement, Petitioner cannot show prejudice in the

6    absence of proof of such inducement.    For these reasons, the Court finds that

7    §2254(d) does not mandate reversal of the state court decision.  See  Greene, 288

8    F.3d at 1089; Delgado, 223 F.3d at 982.  See also  Lockyer, 538 U.S. at 73, 75; 28

9    U.S.C. § 2254(e)(1).

10    **2. Ground 10**

11      In ground ten, Petitioner alleges that counsel was ineffective for failing to

12    investigate and employ several theories offered by Petitioner, including: whether

13    Petitioner had a back injury that would have prevented him from assaulting the victim

14    in the manner she described, whether the victim had religious beliefs that might have

15    had bearing on the case, and whether several character witnesses who were not

16    called might have been able to assist the defense.  [Id. at 14-15].

17      The Superior Court rejected each of Petitioner's claims.  The Court found that

18    counsel made an appropriate strategic decision in rejecting Petitioner's "bad back"

19    defense" which was inconsistent with Petitioner's consent defense. [Doc. 10, Exh.

20    A, at 170c].  The Court further found that the evidence presented at an evidentiary

21    hearing demonstrated that Petitioner did not have a bad back that would have made

22    it impossible to commit the offense.  [Id.].  Similarly, the Court stated that "any

23    decision regarding the presentation of character evidence was proper trial strategy."

24    [Id. at 170g].  The Court also concluded that counsel was not ineffective for failing

25    to challenge Plaintiff's religious beliefs.

26

27

28                                          - 21 -

1       A failure to investigate a meritorious defense may constitute ineffective assistance

2   of counsel.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Jennings v. Woodford, 290

3   F.3d 1006, 1019 (9th Cir. 2002); Hendricks v. Calderon, 70 F.3d 1032, 1036-37 (9th

4   Cir. 1995); United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir. 1985).  However,

5   a habeas corpus petition must state facts which point to a real possibility of

6   constitutional error. Id.  The determination whether a failure to investigate prejudiced

7   the petitioner depends on the likelihood that discovery of the evidence would have

8   changed the outcome of a trial.   Hill, 474 U.S. at 59.   A petitioner's conclusory

9   allegations that counsel should have done more to establish his case are insufficient

10  to prove that counsel was ineffective.  Shah v. United States, 878 F.2d 1156, 1161

11  (9th Cir. 1989); Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3rd Cir. 1991) (stating

12  that a defendant cannot satisfy the Strickland standard by "vague and conclusory

13  allegations that some unspecified and speculative testimony might have established

14  his defense").

15      Additionally, counsel's tactical decisions about how to present a defense are not

16  subject to an ineffective assistance of counsel attack.  Wildman v. Johnson, 261

17  F.3d 832, 839 (9th Cir. 2001).  See also Strickland, 466 U.S. at 697-90 (recognizing

18  that  mere criticism of trial tactics is not sufficient to support a charge of ineffective

19  assistance of counsel); Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980)

20  ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of

21  inadequate representation").  The Sixth Amendment does not require that counsel

22  blindly abide by Petitioner's myriad diverse suggestions and instructions about the

23  conduct of his case.   United States v. Robinson, 913 F.2d 712, 716 (9th Cir. 1990).

24  Nor does counsel's failure to raise all the issues Petitioner himself would have

25  chosen to raise establish ineffectiveness.  See, e.g., Miller v. Keeney, 882 F.2d

26  1428, 1434 (9th Cir. 1989) ("[I]n many instances, appellate counsel will fail to raise

27

28                                                  - 22 -

1  an issue because she foresees little or no likelihood of success on that issue;

2  indeed, the weeding out of weaker issues is widely recognized as one of the

3  hallmarks of effective appellate advocacy"); Morris v. State of Cal., 966 F.2d 448,

4  456 (9th Cir. 1992)(recognizing that a petitioner has no Sixth amendment right to

5  determine what witnesses counsel must call at  trial).

6      Here, Petitioner makes broad allegations that counsel failed to employ the tactics

7  Petitioner would have chosen with respect to witnesses, evidence, and strategy.

8  The trial court found that counsel had valid reasons for not presenting the defenses

9  Petitioner would have liked, and stated that the evidence was so overwhelming that

10 there was no reasonable probability of a different outcome. The Court finds that the

11 state court's conclusions were consistent with, not contrary to, clearly established

12 Supreme Court precedent.  Further, there is no indication that applying Supreme

13 Court precedent to the facts of this case would warrant a different result than that

14 reached by the state court.  Finally, Petitioner has not presented any clear and

15 convincing evidence that would rebut the courts factual findings.  Therefore, the

16 Court recommends that ground ten of Petitioner's habeas petition be denied.

17     **3. Ground 11**

18     In ground eleven, Petitioner raised three non-precluded arguments.  Petitioner

19 asserts that counsel was ineffective for: failing to request a limiting instruction after

20 reserving the right to do so, failing to verify that a videotape submitted to the jury was

21 redacted, and failing to call the witnesses or raise the issues Petitioner requested.[19]

22 [Id. at 16].  The Superior Court determined that trial counsel had a sound reason for

23 _____

24 [19]      As discussed above, the Court construes this claim as containing three

25 issues: whether counsel was ineffective in the handling of potential
   witness Calvin Greab, whether counsel was ineffective for failing to

26 interview the victim's neighbors, and whether counsel was ineffective
   for failing to present a character defense.

27

28                              - 23 -

1   not requesting a limiting instruction, that the videotape submitted to the jury did not

2   contain any improper statements, and that counsel did not act improperly in

3   presenting witnesses. [Doc. 10, Exh. A at 170c-h]. The Court further observed that

4   Petitioner could have, but did not, raise any issues relating to the limiting instruction

5   and videotape evidence on appeal. [Id. at 170d-f]. Regarding Petitioner's claims

6   that counsel was ineffective for failing to raise sufficient issues or call witnesses, the

7   state court concluded that counsel was not ineffective in connection with the

8   interviews of Calvin Greab, was not ineffective for failing to interview the victim's

9   neighbors and was not ineffective for failing to present a character defense.[20]

10   Additionally, as noted above, the Court found that any error that might have occurred

11   would not be prejudicial in light of the overwhelming evidence of guilt.

12      The state court's decision to was neither contrary to nor an unreasonable

13   application of federal law. As with Petitioner's other ineffective assistance of counsel

14   claims, the Court finds that Petitioner has not shown that the state court's factual

15   findings were incorrect or that the state court's decision was an unreasonable

16   determination of the facts in light of the evidence. See, e.g., 28 U.S.C. 2254(d)(2),

17   (e); Rice, 2006 WL 119293, *4. Further, the trial court's decision to uphold counsel's

18   strategic decisions and give weight to the overwhelming evidence of guilt was

19   consistent with federal law. As explained at length above, strategic decisions fall

20   within the province of counsel. Strickland, 466 U.S. at 697-90; Wildman, 261 F.3d

21   at 839; Gustave, 627 F.2d at 904. Similarly, counsel is not bound to follow

22   Petitioner's suggestions about the conduct of his case. Robinson, 913 F.2d at 716;

23   Morris, 966 F.2d at 456. Additionally, where the outcome of the proceedings would

24   not have been different were the arguments advanced by a petitioner made, the

25

26   [20]   See Doc. 10, Exh. A, 170a, at ¶¶5 , 7, 170b at ¶9, 170d at ¶¶ 5, 7, 8,
         170f at ¶¶ 4, 6, and 170g at ¶ 7.

27

28

1  requisite prejudice to establish an ineffective assistance of counsel claim has not

2  been shown.  Strickland, 466 U.S. at 694.  The Court therefore recommends that

3  Petitioner's eleventh ground for relief be denied.

4  **V.  Conclusion and Recommendation**

5     For the reasons set forth above, the Court finds that grounds one through eight,

6  twelve, and parts of claim eleven are procedurally defaulted.  The Court further finds

7  that grounds nine, ten, and the remainder of ground eleven lack merit.

8     **IT IS THEREFORE RECOMMENDED** that the Court **deny** Petitioner's request to

9  bar or dismiss Respondents' Answer [Doc. 14];

10    **IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas

11  Corpus [Doc. #1] be **denied** and **dismissed** with prejudice.

12    This recommendation is not an order that is immediately appealable to the Ninth

13  Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1), Federal

14  Rules of Appellate Procedure, should not be filed until entry of the district court's

15  judgment.  The parties shall have ten (10) days from the date of service of a copy

16  of this recommendation within which to file specific written objections with the Court.

17  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil

18  Procedure.  Failure to timely file objections to any factual determinations of the

19  Magistrate Judge will be considered a waiver of a party's right to *de novo*

20  consideration of the factual issues and will constitute a waiver of a party's right to

21  appellate review of the findings of fact in an order or judgment entered pursuant to

22  the Magistrate Judge's recommendation.

23    DATED this 7th day of February, 2006.

24

25  _____

26  Morton Sitver
    United States Magistrate Judge

27

28                          - 25 -