**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Weldon Hackman,           ) | No. CV-05-144-PCT-SMM (MS) |
|                    Petitioner,              ) | |
|                                                     ) | **ORDER** |
|      v.                                          ) | |
|                                                     ) | |
| Dora B. Schriro, et al.,                ) | |
|                    Respondents.         ) | |

Pending before the Court is Petitioner Daniel Hackman's Petition for Writ of Habeas Corpus (the "Petition"), filed pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner challenges his convictions for kidnaping, burglary, aggravated assault, and five counts of sexual assault following a jury trial in Navajo County Superior Court. On January 13, 2005, the matter was referred to Magistrate Judge Morton Sitver for a Report and Recommendation. (Dkt. 2.) On February 10, 2006, Judge Sitver issued a Report and Recommendation, advising this Court that Petitioner's Petition should be denied and dismissed with prejudice. (Dkt. 18.) Petitioner has filed Objections (Dkt. 26) to Judge Sitver's Report and Recommendation.  After considering Judge Sitver's Report and Recommendation and Petitioner's Objections thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The Court must review the legal analysis in the

Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which Objections are filed and for clear error for those facts to which no Objections are filed. See id.; see also Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998) (failure to file objections relieves the district court of conducting *de novo* review of the magistrate's factual findings).

## DISCUSSION

Petitioner has objected to the February 10, 2006 Report and Recommendation filed by Judge Sitver, stating he does not agree with its findings and asking this Court, instead, to find for him. (Dkt. 26.) Petitioner raised essentially the same issues in his objections as those raised initially in his Petition and his Reply to Respondents' Answer to the Petition. (Dkt. 1, 14, 26.) Having reviewed the factual analysis and legal conclusions of Judge Sitver's Report and Recommendation, and Petitioner's objections thereto, the Court hereby incorporates and adopts Judge Sitver's Report and Recommendation, with the following additions.

Petitioner objects to the "Background" portion of the Report and Recommendation on the grounds that it is "materially misleading" because it omits that he (i) did not testify at trial; (ii) was found not guilty of sexual abuse; (iii) did not file a pro se petition for post conviction relief until after he received copies of the trial transcripts; and (iv) was represented by counsel during the filing of the Petition for Review with the Court of Appeals but not represented by counsel during the filing of the Petition for Review to the Arizona Supreme Court. (Dkt. 26 at 4-5.) The omission of these facts does not render the Report and Recommendation misleading, nor does it prejudice Petitioner, because none of the omitted facts are pertinent to the claims asserted in the instant Petition. Thus, this objection is overruled.

For various reasons, Petitioner objects to the Report and Recommendation's finding that Claims 1, 2, 3, 4, 5, 6, 7, 8, parts of 11, and 12 are procedurally defaulted. (Dkt. 26 at 5-10.)

First, Petitioner contends Claims 4, 5, 6, 7, and 8 were "properly exhausted" because each of the grounds stated in the instant Petition were properly presented in his pro se Rule 32 petition. (Dkt. 26 at 7.) The Court overrules this objection. The record confirms that Claims 4, 5, 6, and 7 were not "fairly presented" in state court. See Dkt. 1 at 8-11; Dkt. 10, Ex. A at

88d-88f, 66f-66g, 170a-170b; Dkt. 15, Ex. 3, Item 1 at 3-4, 9. Although Petitioner asserted similar facts in state court, he failed to specifically indicate that the claims were based on violations of the Fourth, Fifth, Sixth, or Fourteenth Amendments. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (a claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim); Lyons v. Crawford, 232 F.3d 666, 669-70 (2000), as amended by 247 F.3d 904 (9th Cir. 2001) (a state prisoner has not "fairly presented" (and thus exhausted) federal claims in state court unless he specifically indicated to that court that the claims were based on federal law); Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim).[1]

Similarly, although Petitioner *did* present Claim 8 in his Rule 32 petition, the Navajo County Superior Court expressly determined that such claim was procedurally barred from consideration under Arizona Rule of Criminal Procedure Rule 32.2(a)(3) because it could have been raised on direct review but was not. (Dkt. 10, Ex. A at 170h.)  Petitioner does not dispute that the preclusive effect of Rule 32.2(a)(3) is both independent and adequate, nor can he. See Stewart v. Smith, 536 U.S. 856, 860 (2002) (per curiam); Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998) (Rule 32.2(a)(3) independent and adequate).

Second, Petitioner objects to the Report and Recommendation's finding that two parts of Claim 11 were not exhausted,[2] on the grounds that his Rule 32 pro se petition "did fairly

---

[1] Similarly, Claim 3 was not "fairly presented" in state court because Petitioner failed to base his claim on either the Fifth or Fourteenth Amendments, and did not support such claim with federal authority. See Dkt. 1 at 7; Dkt. 15, Ex. 3, Item 1 at 15-16. A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional claim, Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[2] With respect to Claim 11, Judge Sitver properly determined that Petitioner did not fairly present two claims for ineffective assistance of counsel ("IAC") based on defense counsel's (i) failure to challenge prosecutorial misconduct during opening statements; and (ii)

- 3 -

present these two issues." (Dkt. 26 at 8.)   This objection is overruled because Claim 11's allegation of IAC based on counsel's failure to challenge prosecutorial misconduct was not asserted in state court; in state court Petitioner asserted a fundamentally different claim of prosecutorial misconduct alone, see Dkt. 1 at 16; Dkt. 10, Ex. B at 7-10; Dkt. 15, Ex. 3, Item 1 at 15-16.[3] See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (petitioner must fairly present the "substance of federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights"); Vasquez v. Hillery, 474 U.S. 254, 260 (1986) (federal claim may be considered unexhausted if new factual allegations not presented in state court "fundamentally alter" the legal claim presented and considered there).

Moreover, Claim 11's allegation of IAC based on the failure to emphasize a photograph of the victim wearing a necklace was not properly exhausted because, although it was raised at the Rule 32 evidentiary hearing,[4] it was not presented to the Arizona Court of Appeals and thus was not properly raised for the first time in the Arizona Supreme Court, see Dkt. 15, Ex. 1 at 1-2; Ex. 3, Item 1 at 16.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) ("except

---

failure to emphasize a photograph submitted to the jury that depicted the victim wearing a necklace.  (Dkt. 18 at 11-12.)

[3] Similarly, Petitioner did not "fairly present" Claim 12 because the instant Petition alleges a violation of his federal rights based on evidence gathered in connection with an alleged illegal arrest.  See Dkt. 1 at 17.  In state court, however, Petitioner alleged the fundamentally different claim that defense counsel was ineffective for failing to object to evidence that was "fruit of the poisonous tree."  See Dkt. 15, Ex. 3, Item 1 at 9.  The IAC claim Petitioner raised in state court is fundamentally different from the federal claim challenging the admissibility of evidence.  The same is true of Claims 1 and 2 of the instant Petition, which allege violations of Petitioner's Sixth Amendment right to an impartial jury, because in state court Petitioner did not allege that his Sixth Amendment right to an impartial jury was violated.  See Dkt. 1 at 5-6; Dkt. 15, Ex. 1 at 2, 22; Ex. 3, Item 1 at 6, 14-16.

[4] The Court rejects Petitioner's contention that the Rule 32 evidentiary hearing judge did not permit him to raise the allegation of IAC based on counsel's failure to emphasize a photograph in which the victim was wearing a necklace.  See Dkt. 10, Ex. A at 12-13, 170g.

- 4 -

1  in habeas petitions in capital cases, claims of Arizona state prisoners are exhausted for purposes
2  of federal habeas once the Arizona Court of Appeals has ruled on them").

3  Petitioner objects to the Report and Recommendation on the grounds that "the entire
4  proceedings is [sic] a fundamental miscarriage of justice" because Claim 8 is an "actual
5  innocence" claim. (Dkt. 26 at 9-12.) In Claim 8, Petitioner alleges that the victim's perjured
6  statement to the police was unconstitutionally used against him during the grand jury
7  proceedings and at trial. (Dkt. 1 at 12.) In Schlup v. Delo, the United States Supreme Court
8  held that, to prevail on a claim of "actual innocence," a petitioner "must show that it is more
9  likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable
10 doubt." 513 U.S. 298, 327 (1995). To establish the requisite probability, the petitioner must
11 show that, considering all the evidence, "it is more likely than not that no reasonable juror
12 would have convicted him." Id. at 327-28. Furthermore:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

17 Id. at 324.

18 In the present case, Petitioner has failed to meet his burden of showing that, considering
19 all the evidence, "it is more likely than not that no reasonable juror would have convicted him,"
20 nor has he supported his allegations with new reliable evidence that was not presented at trial.
21 Id. Thus, Petitioner's actual innocence objection is overruled.

22 Finally, Petitioner objects to the Report and Recommendation's finding that "no basis
23 for barring or dismissing Respondents' Answer" exists. (Dkt. 18 at 1-2.) The Court finds that
24 the Magistrate Judge properly rejected all of Petitioner's arguments in support of his request to
25 dismiss Respondents' Answer, and Petitioner includes no new arguments in his objections.
26 (Dkt. 26.) Therefore, this objection is overruled.

27 / / /
28 / / /

**CONCLUSION**

Having reviewed *de novo* the facts at issue in the instant action and the legal analysis in the Report and Recommendation issued by Judge Sitver, and finding that the analysis in the report is correct, the Court hereby adopts its conclusions.

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of Magistrate Judge Sitver (Dkt. 18), after reviewing *de novo* his factual findings and legal conclusions, with the above additions.

**IT IS FURTHER ORDERED DENYING** Petitioner's request to bar or dismiss Respondents' Answer (Dkt. 9).  (Dkt. 14.)

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED AND DISMISSED WITH PREJUDICE**, thereby terminating this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to all parties as well as to Magistrate Judge Morton Sitver.

DATED this 11th day of May, 2006.

_____
Stephen M. McNamee
United States District Judge