**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Weldon Hackman, ) | No. CV 05-144-PCT-SMM |
| Petitioner, ) ) | |
| v. ) | **ORDER** |
| Dora B. Schriro, et al., ) ) | |
| Respondents. ) ) | |

Currently before the Court is Petitioner's Motion for Reconsideration of an Order Denying and Dismissing Petition for Writ of Habeas Corpus (Doc. 38). Petitioner's federal Petition for Writ of Habeas Corpus was filed in January of 2005. (Doc. 1). Therein, Petitioner challenged his convictions for kidnaping, burglary, aggravated assault, and five counts of sexual assault following a jury trial in Navajo County Superior Court. Respondents opposed the Petition, arguing that grounds one, two, three, four, five, six, seven, eight, eleven and twelve were procedurally defaulted and that claims nine and ten were due to be denied on the merits. (Doc. 9). In the alternative, Respondents contended that grounds four, five, six, seven and twelve were not cognizable on federal habeas review.

On January 13, 2005, the matter was referred to Magistrate Judge Morton Sitver for a Report and Recommendation. (Doc. 2). On February 10, 2006, Judge Sitver issued a Report and Recommendation, advising this Court that Petitioner's Petition should be denied and dismissed with prejudice. (Doc. 18). Thereafter, Petitioner filed Objections (Doc. 26) to Judge Sitver's Report and Recommendation. After considering Judge Sitver's Report and Recommendation and Petitioner's Objections thereto, on May 17, 2006, the Court adopted

the Report and Recommendation. (Doc. 28). On February 14, 2008, Petitioner filed the instant motion. (Doc. 38).

**Standard of Review**[1]

Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 60(b) motion must be brought within a "reasonable" time, which cannot be more than one year if the motion is based on mistake, newly-discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b).

**Discussion**

Petitioner has objected once again to the February 10, 2006 Report and Recommendation filed by Judge Sitver. However, in the instant Motion for Reconsideration of his Petition for Writ of Habeas Corpus, Petitioner raises the same arguments as he raised in his original objections, meanwhile, failing to comply with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 60(b). Plaintiff fails to offer any evidence of a change in controlling law. He further fails to argue that new evidence has come to light that would materially

---

[1] In light of Plaintiff's failure to articulate a standard of review, the Court will consider this motion under Rule 60(b), Motion for Relief from Final Judgment or Order.

- 2 -

1 affect his case, and likewise he fails to  successfully contend that a clear error has occurred
2 thereby causing manifest injustice that must be prevented by reconsideration.  Fed.R.Civ.P.
3 60(b).  According to Petitioner, the entire Report and Recommendation denying his Petition
4 for Writ of Habeas Corpus was a clear error, however, such is not the case under controlling
5 authority.  *See* Doc. 28. Moreover, Petitioner steadfastly maintains his innocence, however,
6 such is not the standard for reconsideration by this Court.  Fed.R.Civ.P. 60(b).

   Accordingly,

   **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration of an Order Denying and Dismissing Petition for Writ of Habeas Corpus. (Doc. 38).

   DATED this 30th day of April, 2008.

_____
Stephen M. McNamee
United States District Judge

- 3 -